UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:25-CV-00095-CRS-LLK

EARL P. PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Earl P., suffers from certain physical impairments. Based on those impairments, he applied for disability insurance benefits. The administrative law judge (the "ALJ") who heard his case found that Plaintiff is not entitled to such benefits because there are a significant jobs in the national economy that he can perform despite his physical limitations. Plaintiff contends that the ALJ's decision should be reversed and his case should be remanded for the purpose of considering contrary evidence—evidence that was never presented to the ALJ in the first instance. More specifically, Plaintiff wants to introduce evidence generated through the use of a software tool created by SkillTRAN and known as Job Browser Pro.

According to Plaintiff, use of that software generated a report that contradicts the testimony on which the ALJ relied to conclude that there were a significant number of jobs as a "hand polisher," "assembler" and "weight tester" in the national economy that Plaintiff can perform. The testimony on which the ALJ relied was given by a vocational expert (the "VE"). The VE relied on several sources of government data to identify these jobs as suited to Plaintiff in light of his impairments and to determine the number of those jobs in the national economy. After the conclusion of the VE's testimony, the ALJ invited cross-examination from Plaintiff's counsel. She asked no questions. Nevertheless, on July 15, 2025, Plaintiff initiated this appeal based on the assertion that because the unintroduced and unexamined SkillTRAN report contradicts the VE's numbers, the ALJ did not have substantial evidence on which to conclude that there were a

significant number of jobs in the national economy which Plaintiff could perform. The matter was referred to United States Magistrate Judge Lanny L. King for a report and recommendation. The magistrate judge rejected Plaintiff's arguments and recommended that the Court affirm the denial of benefits. 08/14/26 Report and Recommendation, DN 19 (the "Report"). The matter is now before the Court on Plaintiff's Objections to the Report. For the reasons set forth below, the Plaintiff's Objections will be overruled.

**BACKGROUND**

Following an agreed upon remand pursuant to Sentence Four of 42 U.S.C. § 405(g), Plaintiff appeared for a second administrative hearing on January 14, 2025. He was represented by counsel. Plaintiff provided testimony about impairments and their impact on his life activities. Vocational Expert Sharon Lane also testified at the hearing. With respect to VE Lane and the hand polisher, assembler, and weight tester jobs at issue in this case, the ALJ pursued a line of questioning consistent with a new Social Security Ruling that governs "whether vocational evidence is sufficient to support a disability determination claim." SRR 24-3p, 89 Fed. Reg. 97158-2 (Dec. 6, 2024) (effective Jan. 6, 2025). That line of questioning went as follows:

> Q All right, let's see. Ms. Lane, can you please identify the data source or sources you relied upon in establishing the job numbers in hypothetical one?
>
> A Yes. Well, I start off with referring to the Dictionary of Occupational Titles and Selected Characteristics of Occupations in order to classify past work and review the duties and requirements of jobs in general. And then, I refer to occupational employment statistics published by the Bureau of Labor Statistics and Occupational Employment Quarterly published by US Publishing Company in order to obtain total numbers of jobs. I then refer to the Occupational Requirement Survey also by the Bureau of Labor Statistics to reduce those total numbers by percentages related to specific limitations. So, my general process is to obtain the total numbers, and then reduce those total numbers by multiplying those numbers by various percentages related to specific limitations in the hypothetical.
>
> Q Are there any differences between those data source definitions of exertion level, skill level, or education as compared to SSI policy?

> A There are, but not with regard to your hypothetical. Not to the sedentary job base, no, sir.

01/14/25 Hearing Transcript, Admin. Rec. at 1061-62, DN 9 at PageID# 1091-92. Based on that approach, VE Lane concluded that there were 18,000 hand polisher jobs, 38,000 assembler jobs and 20,000 weight tester jobs. *Id.* at PageID# 1090-91. At the conclusion of VE Lane's testimony, the ALJ invited cross-examination by Plaintiff's counsel. She declined and the hearing concluded:

> ALJ: All right. Thank you, Ms. Lane. Ms. Morris, go right ahead if you have questions.
>
> ATTY: I have no questions, Your Honor.
>
> ALJ: All right. No further questions. Again, thank you, Ms. Lane. Mr. P___, this brings us to the end of your hearing today.

*Id.* at PageID# 1093 (Plaintiff's surname redacted pursuant to General Order 22-05).

According to Plaintiff's counsel in this action, a report generated with the SkillTRAN software "indicates that—in 2025 when the hearing was held," there were only 1,025 hand polisher jobs, 79 assembler jobs, and 52 weight tester jobs." 12/08/25 Plaintiff's Brief, DN 14, at PageID# 1745-46. Plaintiff contends that a total 1,156 jobs "is insufficient to demonstrate that jobs exist in significant numbers in the national economy as contemplated by" the regulations, which define "work which exists in the national economy" and that govern whether a claimant can, despite the impact of his impairments, adjust work other than his past work. *Id.* at PageID# 1746 (citing at 20 C.F.R. § 404.1560(c)(2); 20 C.F.R. § 404.1566). According to Plaintiff, the discrepancy between VE Lane's numbers and the numbers generated by SkillTRAN "raises significant doubt as to the reliability of the foundation for the ALJ's determination." *Id.* at PageID# 1748. Plaintiff goes on to contend that the SkillTRAN-generated data so significantly undermines the VE's testimony that it failed "to clear the substantial-evidence bar envisioned by the Supreme Court in *Biestek v. Berryhill*, 587 U.S. 97 (2019)." *Id.* In turn, according to Plaintiff, that failure means that the Commissioner did not carry his burden of proof at Step 5 of Plaintiff's disability determination

such that reversal and remand "is warranted." *Id.* Step 5 is that part of the analytical framework governing claims in which an ALJ determines if an applicant can adjust, *i.e.*, perform, any work other than the work he previously performed and that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(g).

The magistrate judge rejected this argument. First, the magistrate noted that a VE's testimony can comprise substantial evidence on which an ALJ may reply in making a Step-5 determination. 08/14/26 Report, DN 19, at PageID# 1787-88 (citing cases). Next, the magistrate judge turned to the applicability of SSR 23-4p and noted that while the Ruling changed how VE testimony is evaluated with respect to the Dictionary of Occupational Titles (the "DOT"), the DOT itself remains a reliable source of information and a VE's reliance on it remains proper. *Id.* at PageID# 1788-89. The magistrate judge went on to explain other pertinent portions of SSR 23-4p. *Id.* at PageID# 1789. Turning Plaintiff's contention that the ALJ lacked substantial evidence for his Step 5 determination, the magistrate judge noted the limited review that court's conduct and found that the ALJ relied on substantial evidence: "this Court's function in Social Security appeals is to determine whether the ALJ's reliance on VE testimony—to the extent that he did rely on it—was reasonable. Here, it was." *Id.* at PageID# 1793. In reaching this holding, in addition to other decisions, the magistrate judge relied on *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 316-18 (6th Cir. 2020).

At the same time, the magistrate judge rejected Plaintiff's argument that he should be given a remand for the purpose of introducing new evidence, *i.e.,* the SkillTRAN generated report. Report, DN 19, at PageID# 1790 (explaining standard for such a remand) The magistrate judge pointed out that Plaintiff had not made the requisite showing for doing so. The magistrate judge also explained that standing alone, the SkillTRAN report does not comprise sufficient grounds on which to conclude that VE's testimony was in error because without expert interpretation of it, the

report is "inherently unreliable"). *Id.* at PageID# 1791 (citing emergency messaging from the Social Security Administration). Finally, the magistrate judge rejected an argument raised by Plaintiff for the first time in his reply brief. *Id.* at PageID# 1793-95.

**ANALYSIS**

Judicial review of an ALJ's decision is limited to whether that decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In this case, the magistrate judge rightly reviewed Plaintiff's only challenge to the ALJ's decision—to his Step 5 determination—under that standard. Plaintiff argued that the ALJ lacked substantial evidence for his determination because a post-hearing SkillTRAN report rejected the available jobs numbers to which the VE testified. The magistrate rejected that argument and recommended that the Commissioner's denial of benefits be affirmed. Plaintiff asserts that the magistrate erred for the following reasons:

> 1. Plaintiff did not make an argument for the introduction of new evidence. Instead, he raised "a new *legal issue*" – that the ALJ did not have a complete and accurate understanding as to the availability of suitable work in the national economy given the absence of the SkillTRAN report. 08/28/25 Objections, DN 20, at PageID# 1800-01. And, because the Court may take judicial notice of that report, it would be "remiss" to not do so. Objections, DN 20, at PageID# 1801-03. Ostensibly, the purpose would be to reach the conclusion that the ALJ's determination could not have been reached based on reliable information, i.e. substantial evidence.
>
> 2. The magistrate judge erroneously found *Sims v. Apfel*, 530 U.S. 103 (2000), on which Plaintiff relied, to be inapplicable in this case. Additionally, the magistrate judge misread the *O'Neal* case, 799 F. App'x 313: "Plaintiff asserts the U.S. Magistrate Judge misconstrues the holding in *O'Neal* as requiring cross-examination of the vocational expert at the hearing level in order for the issue of whether a job is obsolete to be preserved." *Id.* at PageID# 1804. Plaintiff goes on to assert that the magistrate judge erroneously imposed an issue exhaustion requisite that does not exist in Social Security appeals like this one. *Id.* at PageID# 1805-06.
>
> 3. "Plaintiff objects to the U.S. Magistrate Judge's Recommendation that the District Court reject Plaintiff's argument on the basis of Social Security Ruling 24-3p." *Id.* at PageID# 1806. He essentially contends that SRR 24-3p is a

> legislative rule that was not promulgated under "the formal notice-and-comment rulemaking process" such that it is invalid and cannot serve as a proper ground for rejecting his argument. *Id.* at PageID# 1806-08.
>
> 4. "Plaintiff objects to the recommended finding that the VE's forty years of experience and her various other qualifications require affirmation here, despite confirmation of the inaccuracy of her testimony".

The Court finds that none of these Objections warrants rejecting the magistrate judge's conclusion that the ALJ's Step 5 determination was support by substantial evidence. First, none of these Objections bear on whether substantial evidence for the ALJ's conclusion existed.

Second, with respect to his first objection, Plaintiff did not urge the Court to take judicial notice of the SkillTRAN report and then, based on that notice, hold that its content *ipso facto* proved that the ALJ's Step 5 determination was not supported by substantial evidence. Plaintiff cannot present an argument at this stage that he did not present to the magistrate judge in the first instance. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (Plaintiff forfeits a "claim raised for the first time in objections to a magistrate judge's report.") (citations omitted). Moreover, and notably, Plaintiff's suggestion that he was not advocating for reversal so that he could introduce the report is belied by the relief he requested in his opening brief. Plaintiff asked "that this matter be remanded for further administrative proceedings, including a *de novo* hearing and a new decision." Plaintiff's Brief, DN 14, at PageID# 1748. That requested relief reasonably leads to the conclusion that Plaintiff wanted to introduce the SkillTRAN report on remand, *i.e.*, to submit new evidence. Plaintiff's effort to recast his argument now is not well-taken. Finally, Plaintiff does not argue that the magistrate judge got the standard for a remand to permit the introduction of new evidence incorrect or that contrary to the magistrate judge's conclusion, he has met that standard.

As for Plaintiff's second objection, the magistrate did not conclude that *Sims*, 503 U.S. 103, has no application to this case. There is no such statement in the Report. The only reference

to *Sims* appears in a block quotation from a decision reached in *Benjamin C. v. Bisignano*, 2026 WL 1682580 (C.D. Ill. Jun. 10, 2026). Report, Dn 19, at PageID# 1794. Plaintiff's objection has no merit for this reason. To the extent Plaintiff argues that the magistrate judge misconstrued *O'Neal*, 799 F. App'x 313, the Court disagrees. In that case, the Sixth Circuit Court of Appeals reached this conclusion:

> Because the DOT continues to be recognized as a source of reliable job information and O'Neal did not cross-examine the vocational expert when he had the opportunity, the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that O'Neal was able to perform work that existed in significant numbers in the national economy.

*Id.* at 318 (internal citations omitted) (citing *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)). Noting the similarities to the instant matter, the magistrate judge concluded:

> Considering the holding in *O'Neal*, the uncontroverted VE's testimony in this case constitutes substantial evidence to support the ALJ's finding that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

Report, DN 19, at PageID# 1793. The Court finds no error in this rationale. This Court's review is limited to whether the ALJ applied the right standards and/or to whether his decision rested on substantial evidence. That is the lens the magistrate judge applied. There is no error in his having done so. Lastly, contrary to Plaintiff's Objection, the Court finds no basis on which to conclude that the magistrate judge relied on *O'Neal* for the proposition that Plaintiff failed to preserve "an issue regarding the sufficiency of vocational testimony," Objections, DN 20, at PageID# 1805, or to impose an issue exhaustion requirement. *Id.* at PageID# 1805-06 (discussing issue exhaustion). The Report contains no such suggestion.

Plaintiff's third objection is equally unavailing. The magistrate judge did not recommend "that the District Court reject Plaintiff's argument on the basis of Social Security Ruling 24-3p." Objections, DN 20, at PageID# 1806. Instead, the magistrate judge declined to consider Plaintiff's

argument about SSR 24-3p, a rule-making based argument because he improperly raised it for the in a reply. Plaintiff does not contend that the magistrate got that wrong. The magistrate judge otherwise noted "alternatively" that Social Security Rulings are interpretative agency rules do not have the force and effect of law, are not subject to notice and comment rule making, but are nonetheless binding on ALJ's. Report, DN 19, at PageID# 1794-95. Nonetheless, his recommendation does not turn on that portion of his Report. Instead, it is properly based on his conclusion that substantial evidence supported the ALJ's decision:

> this Court's review is limited to determining whether substantial evidence exists to support the ALJ's Decision and if the ALJ followed the applicable law. *Warner v. Comm'r of Soc. Sec*., 475 F.3d 387, 390 (6th Cir. 2004). After reviewing the record in its entirety, the undersigned concludes that the ALJ's decision is supported by substantial evidence and comports with applicable law. Accordingly, Plaintiff is not entitled to relief.

*Id.* at PageID# 1795.

Plaintiff's fourth objection also lacks merit because it too rests on a misconstruction of the magistrate judge's Report. Plaintiffs objects to "the recommended finding that the VE's forty years of experience and her various other qualifications require affirmation here, despite confirmation of the inaccuracy of her testimony." Objections, DN 20, at PageID# 1808. The magistrate judge made no such finding. Moreover, there has been no adjudication "or confirmation" as to the alleged inaccuracy of the VE's testimony. That is, there is no basis in fact for Plaintiff's fourth objection.

## CONCLUSION

Upon review of Magistrate Judge King's Report and Plaintiff's Objections, the Court finds no error in the magistrate judge's analysis that requires reversal. Accordingly, Plaintiff's Objections **(DN 20)** are **OVERRULED** and Magistrate Judge King's Findings of Fact, Conclusions of Law and Recommendation **(DN 19)** are **ADOPTED** in their entirety as the opinion

of the Court and are incorporated by reference herein. A separate judgment will be entered contemporaneously with this Order.

There being a no just reason for delay, this is a final Order.

September 30, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**